UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:07CV-654-M**

**CHARLES BRIETIGAM**                                                          **PLAINTIFF**

**V.**

**UNITED PARCEL SERVICE CO.**                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a Motion to Remand [DN 5] by Plaintiff, Charles Brietigam, asking the Court to remand this case to the Jefferson District Court. This matter stands ripe for decision. For the following reasons, Plaintiff's Motion to Remand is **GRANTED** and Defendant's Motion to Dismiss [DN 4] is **moot.**

### BACKGROUND

This case arises out of a dispute over wages between Plaintiff, Charles Brietigam, and his former employer, the Defendant, United Parcel Service Co. (UPS). Plaintiff worked for UPS as a pilot for over sixteen years and gave notice on September 1, 2006, of his intent to retire on September 15, 2006. Plaintiff alleges he worked a "week on/week off" schedule and was on call during his "week off" should his piloting services be needed. Plaintiff also alleges he had a duty to be available and thus, a right to be compensated for making himself available.

The Complaint, originally filed in the Jefferson District Court, claims compensation for Plaintiff during his last week of employment and also seeks attorney fees pursuant to a Kentucky statute. Defendant removed the case to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1441(b). The Defendant asserts that Plaintiff's claims arise under the Railway Labor

Act (RLA), 45 U.S.C.§ 151, because they are based on an alleged breach of the collective bargaining agreement between UPS and the Independent Pilots Association (IPA). The Plaintiff maintains his Complaint alleges only a state law claim for wages and he seeks a remand.

## DISCUSSION

Removal to federal court from state court is proper when the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treatises or laws of the United States." 28 U.S.C. § 1441(b). The "well-pleaded complaint" rule is used to determine whether a complaint arises under federal law. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S. Ct. 1542 (1987). This rule instructs the Court to "...examine the 'well pleaded' allegations of the complaint and ignore potential defenses." Beneficial Nat. Bank v. Anderson, 539 U.S. 1,6, 123 S. Ct. 2058 (2003). If an issue of federal law does not exist on the face of the complaint, federal jurisdiction cannot exist. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987).

In the instant case, Plaintiff never mentions the RLA or the collective bargaining agreement in the Complaint. It is clear that he seeks to recover unpaid wages under a Kentucky statutory scheme. His Complaint seeks attorney fees pursuant to Kentucky statutory law. Under the well-pleaded complaint rule, no federal claim is presented.

However, there are exceptions to the well-pleaded complaint rule. Mikulski v. Centerior Energy Corp., 501 F.3d 555, 560 (6th Cir. 2007) (citation omitted). "One exception is the artful-pleading doctrine: plaintiffs may not 'avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.'" Id. "A related exception is the complete-preemption doctrine: removal is proper 'when a federal statute wholly displaces the

state-law cause of action through complete preemption.'" Id.

The Defendant has not specifically argued that the Plaintiff has engaged in artful pleading. Instead, the Defendant cites to Andrews v. L&N R.R. Co., 406 U.S. 320, 92 S. Ct. 1562 (1972), to argue that despite the Plaintiff's characterization of the claim, the Plaintiff's Complaint presents a federal question because it is based on the Railway Labor Act (RLA), 45 U.S.C.§ 151 and the collective bargaining agreement.[1] The Defendant asserts that even though the Plaintiff's claim arises under the RLA, this case does not present an issue of whether the RLA preempts a state cause of action.

Addressing the artful pleading doctrine, the Sixth Circuit quoted the Supreme Court in Caterpillar wherein it said, "[a]lthough occasionally [a] removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization, most of them correctly confine this practice to areas of the law pre-empted by federal substantive law." Mikulski, 501 F.3d at 560. In Mikulski, the Court found that "artful pleading and preemption are closely aligned." Id. at 561. Another panel, in City of Warren v. City of Detroit, 495 F.3d 282 (6th Cir. 2007), stated that "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." Id. at 286. (quoting Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998)). Therefore, despite Defendant's assertions to the contrary, this case does present an issue of preemption. However, the issue is one of complete preemption, not

---

[1]The question in Andrews was whether the Plaintiff's claim was subject to the RLA's administrative grievance procedure. The Supreme Court held a claim which was based on a breach of the collective bargaining agreement was subject to the RLA's mandatory provisions regarding the processing of grievances despite the fact that the claim was characterized as a state law wrongful discharge claim. While the case had been removed from state court, the Supreme Court did not address the issue of whether the removal was appropriate.

ordinary preemption.[2]

In Mikulski, the Sixth Circuit analyzed the federal statutes which were purportedly so artfully pled around and found that none of them provided for a federal cause of action. Similarly, the RLA does not provide a federal cause of action for the resolution of disputes. Roddy v. Grand Trunk Wester R.R. Inc., 395 F3d 318, 325 (6th Cir. 2005) (citing Geddes v. AM. Airlines, Inc., 321 F.3d 1349, 1354 (11th Cir. 2003)). Therefore, like the federal statutes in Mikulski, the RLA does not "provide a federal cause of action that might have been invoked by a less artfully drafted complaint." Mikulski, 501 F.3d at 563.

The second exception to the well-pleaded complaint rule is complete preemption. A state claim may be removed to federal court when Congress expressly provides for removal or "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat. Bank, 539 U.S. at 8. Complete preemption applies where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " Caterpillar, 482 U.S. at 393 (quoting Metro. Life, 481 U.S. at 65.). "Once an area of state law has been

---

[2]Complete preemption that supports removal and ordinary preemption are two distinct concepts. Warner v. Ford Motor Co., 46 F.3d 531, 535 (6th Cir.1995) (en banc). "The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under [a federal statute] does not establish that they are removable to federal court." Caterpillar, 482 U.S. at 398. Complete preemption that permits removal is reserved for statutes "designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action" while ordinary preemption applies to statutory sections that arguably supersede conflicting state laws without creating the right of removal. 46 F.3d at 535. "[T]he congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule." Strong v. Telectronics Pacing Sys., Inc., 78 F.3d 256, 260 (6th Cir.1996) (citing Warner, 46 F.3d at 534-35).

completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id.

The case of Roddy v. Grand Trunk W. R.R. Inc., 395 F.3d 318, 323 (6th Cir. 2005) is dispositive on this issue. In Roddy, under facts similar to those presented here, the Sixth Circuit carefully distinguished the concept of complete preemption from ordinary preemption. It is only complete preemption which supports removal jurisdiction. The Sixth Circuit concluded that under the RLA, Congress did not clearly manifest an intent to make all causes of action that touch on railroad employment removable to federal court. In spite of the Andrews case upon which the Defendant relies, the Court held that there was no removal jurisdiction in the absence of complete preemption and thus, the case should have been remanded. A similar finding is required under the facts of this case.

Whether Plaintiff's state law claim is preempted, by ordinary preemption, such that his claim cannot proceed and must be dismissed in favor of the RLA's administrative procedure, is a matter that the state court can decide. As the Sixth Circuit put it, "[w]e agree with the Third and Eleventh Circuits that [s]tate courts are competent to determine whether state law has been preempted by federal law and they must be permitted to perform that function in cases brought before them, absent a Congressional intent to the contrary." Roddy, 395 F.3d at 326. It should be a rather simple task in light of Andrews.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Remand [DN 5] is hereby **GRANTED** and the Defendant's Motion to Dismiss [DN 4] is **moot** as the Court is without jurisdiction to decide it.

Joseph H. McKinley, Jr., Judge
United States District Court

January 25, 2008

Copies to:  Counsel of record
            Jefferson District Court